IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TODD ANDREW, | : |
| Plaintiff, | : |
| VS. | : NO. 5:17-cv-00216-CAR-CHW |
| GEORGIA DEPARTMENT OF CORRECTIONS *et al.*, | : |
| Defendants. | : |

# ORDER

Plaintiff Todd Andrew, an inmate confined at the August State Medical Prison in Grovetown, Georgia, filed a pro se civil rights action seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), the Court found that his allegations failed to state a viable claim and dismissed the Complaint. Currently before the Court is Plaintiff's motion to alter amend judgment pursuant to Rule 59. ECF No. 8. In the motion, Plaintiff re-raises his argument that the Georgia Department of Corrections has failed to apply "jail credit" to his sentence and miscalculated his release date, and seeks to reframe his argument as one of deliberate indifference or negligence. Plaintiff further contends that he is entitled to amend his complaint post-judgment.

Although Federal Rule of Civil Procedure 15 allows parties to amend pleadings, Rule 15 has no application "once the district court has dismissed the complaint and entered

1

final judgment for the defendant." *Lee v. Alachua Cnty, Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010)). A plaintiff may seek leave to amend post-judgment only "if he is first granted relief under [Federal Civil Procedure] Rule 59(e) or Rule 60(b)(6)." *Lee*, 461 F. App'x at 860 (alteration in original) (quoting *Jacobs*, 626 F.3d at 1344-45). "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213 (1st Cir. 2011) (quoting *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)).

"The only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original). A Rule 59 motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

In his initial complaint, Plaintiff argued that his constitutional rights were violated because Georgia Department of Corrections officials allegedly miscalculated his sentence. In his post-judgment motion, Plaintiff raises the same argument and claims but states that he is now bringing his claim under a theory of "deliberate indifference." Plaintiff's attempt to rephrase his claim or present it in a better light is not a permissible basis for Rule 59[1]

---

[1] Although Plaintiff's motion was not docketed until nearly two months after judgment was entered, his motion was signed on July 8, 2017. ECF No. 8 at 5. Construing the motion in Plaintiff's favor, the Court will consider it filed on July 8, 2017. Plaintiff, therefore, filed the motion within twenty-eight days of the Court's June 23 judgment.

relief. Neither is asking this court to re-examine an unfavorable ruling. *Jacobs,* 626 F.3d at 1344.

To the extent that Plaintiff argues he can amend his complaint to state a claim, or should have been allowed to do so prior to *sua sponte* dismissal, Plaintiff was not entitled to be invited to do so as this action was dismissed without prejudice. *See Quinlan v. Personal Transport Services Co.*, 329 F. App'x 246 (11th Cir. 2009) (holding that district court was not required to sua sponte provide plaintiff with opportunity to amend prior to dismissal suit without prejudice). Moreover, this is not a case in which a more carefully drafted complaint would have stated a claim. Plaintiff cannot bring a claim, regardless of the name, that seeks to contest the duration of his confinement in a Section 1983 action. "Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir.2006). Thus, couching Plaintiff's claim in terms of deliberate indifference does not render this action cognizable under Section 1983, as success on any such claim would necessarily imply that Plaintiff's sentence was miscalculated, which would in turn necessarily imply that he is entitled to speedier release. *See Ellis v. Bureau of Prisons*, 239 F. App'x 466 (11th Cir. 2007) (affirming 1915(a) dismissal of claim brought under *Bivens* that BOP should have ran sentences concurrent instead of consecutive and Plaintiff was illegally confined). The correct cause of action is a petition for writ of habeas corpus.

## CONCLUSION

Because Plaintiff has failed to satisfy the standard under Rule 59 and is not entitled to amend his complaint post-judgment, Plaintiff's motion brought under Rule 59 (ECF No. 8) is **DENIED**. The Clerk is **DIRECTED** to forward Plaintiff a copy of the Court's standard Section 2241 habeas form.

**SO ORDERED**, this 26th day of September, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT